FILED

2009 Feb-23  AM 11:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| JAMES PHILLIP RUSSELL, | ] | |
| | ] | |
| Petitioner, | ] | |
| | ] | |
| vs. | ] | CV-09-JFG-RRA-0054-NE |
| | ] | |
| COMMISSIONER RICHARD ALLEN, et al., | ] | |
| | ] | |
| Respondents. | ] | |

<u>MEMORANDUM OPINION</u>

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment

of a court of the State of Alabama.  28 U.S.C. § 2254.  The petition was filed on behalf of the

petitioner, James Phillip Russell, by attorney Susan G. James.  According to the petition and

accompanying brief, Russell was convicted on February 1 or 2, 2005,[1] in the Circuit Court of

Franklin County, on his plea of guilty to murder.  He was sentenced to a term of imprisonment for

25 years.  He did not appeal the conviction.

On February 1 or 23, 2006,[2] Russell filed a Rule 32 petition in the Circuit Court of Franklin

County.[3]  Following an evidentiary hearing, the trial court denied the petition on September 22,

2006.  The Alabama Court of Criminal Appeals affirmed the denial of the petition on August 24,

2007.  On September 14, 2007, the Alabama Court of Criminal Appeals overruled Russell's

---

[1] The petitioner states in his petition that he was convicted on February 2, 2005, but maintains he was sentenced the day before his conviction, on February 1, 2005.

[2] The petition states that the Rule 32 petition was filed on February 23, 2006.  The brief states that it was filed on February 1, 2006.

[3] According to the petition, Ms. James also represented Russell throughout the Rule 32 proceedings.

application for rehearing.  The Alabama Supreme Court denied his petition for a writ of certiorari

on January 11, 2008, and presumably issued a certificate of judgment the same day.

Russell filed the current petition for a writ of habeas corpus on January 12, 2009.  The

AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for seeking
>> such review;
>>
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or laws of the
>> United States is removed, if the applicant was prevented from filing
>> by such State action;
>>
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made retroactively applicable
>> to cases on collateral review; or
>>
>> (D) the date on which the facts supporting the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.
>
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this subsection.

Russell's conviction became final on March 16, 2005, when the forty-two days in which he

could have filed a direct appeal from his conviction expired.  Thus, the one-year period he had to

attack his conviction began to run on March 16, 2005.  Title 28 U.S.C. § 2244(d)(2) provides that

"[t]he time during which a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending shall not be counted toward any

period of limitation under this subsection." The limitations period was tolled on February 1, 2006,[4]

when Russell filed his Rule 32 petition. At that point, 322 days of the limitations period had expired.

The limitations period began to run again on January 11, 2008, when the Alabama Supreme Court

denied Russell's petition for a writ of certiorari and issued a certificate of judgment. It expired 43

days later, on February 23, 2008. Russell did not file his habeas petition in this court until January

12, 2009, more than ten months after the limitations period expired. Therefore, it appears from the

face of the petition, that it is untimely and that it is due to be dismissed as barred by the statute of

limitations.

By order entered January 15, 2009, Russell was ordered to show cause why the petition

should not be dismissed as untimely filed. Russell filed a response to the order to show cause on

February 11, 2009. Russell argues that his petition "should be considered timely filed based upon

the sound reasoning" of the **dissenting** opinion in *Lawrence v. Florida*, 549 U.S. 327 (2007).

The issue in *Lawrence* was "whether the limitations period was also tolled during the

pendency of [the petitioner's] petition for certiorari to [the United States Supreme Court] seeking

review of the denial of state postconviction relief." *Lawrence*, 549 U.S. at 331. The Court held that

"the filing of a petition for certiorari before this Court does not toll the statute of limitations under

§ 2244(d)(2)." *Id*. at 337.

In her dissenting opinion, Justice Ginsburg[5] indicated that she would "hold that 28 U.S.C.

§ 2244(d)'s statute of limitations is tolled during the pendency of a petition for certiorari." *Id*. at

---

[4] Assuming that February 1, 2006, is the date the Rule 32 petition was actually filed. If the Rule 32 petition was not filed until February 23, 2006, the limitations period was not tolled until that day. In that case, the limitations period would have expired 22 days earlier, on February 1, 2008.

[5] Justices Stevens, Souter, and Breyer joined in the dissent.

338.  Russell urges this court to follow the opinion of the dissent in *Lawrence*, rather than the

majority holding that the limitations period is not tolled during the pendency of a petition for a writ

of certiorari in the United States Supreme Court.  Clearly, this court is bound to follow the holding

of the majority of the Supreme Court in *Lawrence*.

However, even if this court could follow the dissent's conclusion, Russell's petition would

still be untimely.  The dissent in *Lawrence* made it clear that its opinion applied only in cases where

a petitioner actually sought certiorari review in the United States Supreme Court:

> I would not reach in this proceeding cases in which a petitioner does not seek
> certiorari review of the state court's judgment - i.e., cases presenting the question
> whether tolling ends with the decision of the State's highest court or with the
> expiration of the time to file a petition for certiorari.  That question is not presented
> here, for Lawrence timely sought this Court's review of the denial of state
> postconviction relief.

*Id*. at 339, n. 2.  Russell does not claim to have sought certiorari review in the United States Supreme

Court, of the Alabama Supreme Court's January 11, 2008 denial of his petition for a writ of certiorari

in his Rule 32 proceedings.  Therefore, even assuming that the dissenting opinion in *Lawrence* were

in fact the controlling law, it would not be applicable to Russell's case since he did not petition the

United States Supreme Court for certiorari review.

Finally, Russell argues that he "should be afforded the same ninety day timeperiod [sic] after

the postconviction or collateral process is concluded" that petitioners are afforded "after completion

of direct review."  However, this argument is in direct contradiction to Eleventh Circuit law that "the

ninety-day period for seeking United States Supreme Court review following the state court denial

of post-conviction relief does not toll the time counted in determining the one-year time limit."

*Moore v. Crosby*, 182 Fed. Appx. 941, 942 (11th Cir. 2006)(*citing Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000)).

Furthermore, even if the limitations period were due to be tolled for the ninety days in which Russell could have petitioned the United States Supreme Court for certiorari, his petition would still be untimely.  As previously discussed, Russell's conviction became final on March 16, 2005, when the forty-two days in which he could have filed a direct appeal from his conviction expired.  The one-year limitations period began to run on March 16, 2005, and was tolled on February 1, 2006, when Russell filed his Rule 32 petition.  At that point, 322 days of the limitations period had expired. The Alabama Supreme Court denied Russell's petition for a writ of certiorari and issued a certificate of judgment on January 11, 2008.  Even assuming that the limitations period had been tolled for an additional ninety days in which Russell could have petitioned for certiorari in the United States Supreme Court, the limitations period would have begun to run again on April 10, 2008.  Russell still would have only had 43 days left, or until May 23, 2008, to file a federal habeas corpus petition. Russell did not file his habeas petition in this court until January 12, 2009.  Thus, even if the law provided for tolling the limitations period for this additional 90-day period, the petition would still have been more than seven months too late.

The statute of limitations expired on February 23, 2008.  Russell did not file his habeas petition in this court until January 12, 2009, more than ten months after the limitations period expired.  Therefore, the petition is untimely and it is due to be dismissed because it is barred by the statute of limitations.

An appropriate order will be entered.

DONE and ORDERED 23 February 2009.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.